UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANNIE LU KIRSCHENBAUM | * | CIVIL ACTION |
| --- | --- | --- |
| | * | |
| VERSUS | * | NO. 08-4569 |
| | * | |
| CARY L. SPRAGGINS ET AL. | * | SECTION "L"(4) |

## ORDER & REASONS

Before the Court is TGW-Ermanco's Motion for Summary Judgement (Rec. Doc. No. 133) and Brandt & Hill, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 156). For the following reasons, both motions are GRANTED.

**I.     BACKGROUND**

This case arises out of injuries that occurred on October 5, 2007 while the Plaintiff, Annie Lu Kirschenbaum, was employed with Neill Corp. ("Neill"). The Plaintiff filed suit alleging that she suffered severe and permanent injuries when her hair was caught in the equipment of a conveyor line when she reached for an item that had fallen underneath. Neill purchased the refurbished equipment in 1994 from Defendant Brandt & Hill, Inc. ("Brandt"). The equipment was originally manufactured by Defendant TGW-Ermanco, Inc. ("Ermanco").

From the mid 1980s through March 2007, Defendant Cary L. Spraggins performed maintenance on the equipment. In November 2006, Neill decided to relocate its operations and contacted Spraggins to develop a plan to relocate and upgrade the equipment. Around this time Spraggins formed Streamline Integrated Technologies, Inc. ("Streamline"), also named as a Defendant. Streamline was subsequently obligated to reconfigure and retrofit the equipment

1

during the relocation, including the piece of equipment causing Plaintiff's injuries. Plaintiff alleges that Spraggins' failure to install a line shaft guard, an essential component of the curved conveyor belt equipment, was the sole and proximate cause of the accident causing Plaintiff's injuries. Additionally, Plaintiff asserts that Streamline is vicariously liable to the extent that Spraggins was an agent or employee. Plaintiff also asserts claims against Ermanco and Brandt for manufacturing and refurbishing the equipment without a line shaft guard, making it unreasonably dangerous. Plaintiff seeks damages for past and future pain and suffering, loss of enjoyment of life, mental anguish, medical expenses, lost wages, loss of earning capacity, psychological damages, and disfigurement, prejudgment interest, and costs.

## II. THE MOTIONS

On November 30, 2009, Ermanco (the manufacturer) filed a Motion for Summary Judgment. (Rec. Doc. No.133). On February 9, 2010, Brandt (the refurbisher & installer) also filed a Motion for Summary Judgment. (Rec. Doc. No. 156). Both Defendants seek summary judgment on Plaintiff's claims against them under the Louisiana Products Liability Act. Plaintiff, tellingly, filed no opposition to the motions. However, co-defendants Spraggins and Streamline filed opposition arguing that the conveyer equipment which injured Plaintiff was defectively designed due to the absence of adequate warnings on the conveyor.

Ermanco & Brandt argue that they are entitled to judgment as a matter of law because the conveyer which they manufactured was not defectively designed. At the time of installation by Brandt, photographs were taken showing that the guard, whose absence allegedly caused the Plaintiff injuries, was properly on the conveyer. Further, Mr. Hill, an employee of Brandt, who was present for the installation, stated in his deposition testimony that the guard and

2

all warnings were on the equipment when it was installed. There is no testimony or other proof controverting this.

Defendants Spraggins and Streamline do not offer any evidence to dispute that the conveyer equipment was guarded when it arrived at Neill Corporation. Instead, they argue that the motions should be denied because genuine issues of material fact exist as to whether the conveyer displayed adequate warnings. It is undisputed that the conveyer displayed warnings for the user to keep hair and other body parts away from the moving conveyer line. However, they argue there was no warning that specifically said "keep guards in place." Further, they point to the fact that in 2007, Ermanco began adding a warning label on their conveyers that said "do not remove guards" after several lawsuits were filed against them for injuries sustained when guards were removed from their equipment.

## III.  LAW & ANALYSIS

### a. Standard of Review

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it

3

might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 247-48. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

### b. Louisiana Products Liability Act

A plaintiff can recover under the Louisiana Products Liability Act (LPLA) if she can show that the product is "unreasonably dangerous" (1) in construction or composition, (2) in design, (3) through lack of an adequate warning, or (4) because it does not conform to an express warranty. LA. REV. STAT. ANN. § 9:2800.54(B). Spraggins and Streamline claim that the conveyer equipment was defectively designed because 1) the removal of the guard was a reasonably anticipated alteration and 2) the equipment did not have visible warnings against using it without a guard.

#### i. Design Defect

Spraggins and Streamline argue that the removal and subsequent absence of a guard was a reasonably anticipated alteration of the product which rendered it unreasonably dangerous

4

under the LPLA.  Spraggins and Streamline note that Ermanco had been previously sued as a result of an injury which occurred because of a removed guard.  According to the opposing parties, this put Ermanco on notice that people were using their equipment without guards and placed a duty on them to redesign the product or place warning labels on it.

This argument fails as Louisiana law clearly holds that removal of a safety guard from a product is not a reasonably anticipated alteration. The LPLA defines "reasonably anticipated alteration" as either "a change in a product that the product's manufacturer should reasonably expect to be made by an ordinary person in the same or similar circumstances," or "a change arising from ordinary wear and tear." LA. REV. STAT. ANN. § 9:2800.53(8). *See Chaney v. Hobart International, Inc.,* 54 F.Supp.2d 677 (E.D. La. 1999) (removal of a feed pan guard from a meat grinder was not a reasonably anticipated alteration); *Johnson v. Black & Decker U.S., Inc.,* 701 So.2d 1360, 1364-65 (La.Ct.App.1997) (removal of a safety guard from a power saw was not a reasonably anticipated alteration); *Hoyt v. Wood/Chuck Chipper Corp.,* 651 So.2d 1344, 1351-52 (La.Ct.App.1995) (substituting toggle switch for keyed ignition switch on wood chipper was not an alteration that manufacturer should have anticipated); *Berry v. Commercial Union,* 565 So.2d 487, 495 (La.Ct.App.1990) (removing and not replacing a broken blade guard on circular saw was not reasonably forseeable).  It is undisputed that the guard in question was placed on the equipment when it was manufactured by Ermanco and remained there after Brandt refurbished and installed the equipment at Neill.  The removal of the guard after its original installation was not a reasonably anticipated alteration, and Ermanco and Brandt can not be held liable.

**ii. Warning Defect**

Spraggins and Streamline contend that the conveyer was unreasonably dangerous because an adequate warning was not provided about the dangers of using the conveyer without a guard in place. Spraggins and Streamline are correct that in Louisiana, a manufacturer has a continuing duty to warn. However, LPLA clearly states that a manufacturer is not required to provide an adequate warning about his product when:

> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
>
> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

LA. REV. STAT. ANN. § 9:2800.57(B). Both of these provisions are applicable here. As dangerous as the conveyer may have been without a guard, it was clearly "not dangerous to an extent beyond that which would be contemplated by the ordinary user." *Id.* The possibility of injury is glaring.

Further, Ermanco did place several warnings on the conveyer and in the owner's manual. The conveyer warning stated "WARNING - KEEP HAIR AWAY FROM CONVEYER - KEEP LOOSE CLOTHING, HANDS AND FINGERS AWAY FROM MOVING PARTS." Additionally, the Ermanco Operations Manual contained several warnings which included: "After maintenance, replace guards immediately and keep the warning labels clean and clear of any instructions" and "WARNING: U-joints used in curves can be dangerous. The curved line-shaft guards and U-joint covers are installed at the factory and must always be in place when operating conveyer." Robert Hill, who was present during installation of the conveyer at Neill factory stated that these warning labels were on the conveyer when it was installed and that the

6

owners manual was provided to Neill. The fact that no warning was on the conveyer which specifically said "do not remove guards" is not enough to rise to the level of a design defect. Common sense dictates that a guard should not be removed from industrial equipment for safety reasons.

### iii. Intervening Causes

Ermanco, in addition to arguing that they are not liable under LPLA for the above reasons, further contends that Spraggins negligence was an intervening or superceding cause of Plaintiff's injuries. As such, Ermanco argues that they can not be held liable. The Court need not reach the merits of this argument seeing as Ermanco has met their burden of proof in establishing that no genuine issue of material fact exists as to whether the conveyor was properly manufactured and contained adequate warnings.

## IV. CONCLUSION

For the foregoing reasons, Ermanco's Motion for Summary Judgement (Rec. Doc. No. 133) and Brandt's Motion for Summary Judgment (Rec. Doc. No. 156) is hereby GRANTED. All claims asserted against defendants TGW-Ermanco and Brandt & Hill, Inc. are hereby DISMISSED with prejudice.

New Orleans, Louisiana this 1st day of June, 2010.

_____
United States District Judge